No. 22-55415

IN THE UNITED STATES COURT OF APPEAL
FOR THE NINTH CIRCUIT
_____

M.A.R., et al.
Plaintiff and Appellant,

vs.

CITY OF LOS ANGELES, et al..
Defendants and Appellees.
_____

Appeal from the United States District Court,
Central District of California, Case No. 2:21-cv-02957-FWS-MAR,
Hon. John F. Walter
_____

**APPELLEE'S ANSWERING BRIEF**
_____

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
SCOTT MARCUS, Chief Asst. City Attorney (SBN184890)
MICHAEL M. WALSH, Deputy City Attorney (SBN 150865)
200 North Spring Street, 14th Floor, City Hall
Los Angeles, California 90012-4129
Telephone: (213) 978-2209
michael.walsh@lacity.org

Attorneys for Defendants and Appellees
CITY OF LOS ANGELES, MICHAEL MOORE, NATHAN RAMOS

## TABLE OF CONTENTS

Introduction ..................................................................................................................4

Statement Regarding Jurisdiction ...............................................................................5

Issues on Appeal .........................................................................................................5

Statement of the Case..................................................................................................5

Summary of Argument ................................................................................................7

Legal Argument ...........................................................................................................8

    I.    Plaintiffs Have Not Established Appellate Jurisdiction. ................................8

    II.    There are no Remaining Claims against these Defendants.........................10

Conclusion ................................................................................................................12

Notice of Related Case..............................................................................................13

Certificate of Compliance .........................................................................................13

# TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson v. Allstate Ins. Co.*,
   630 F.2d 677 (9th Cir. 1980) ................................................................................10
*City of St. Louis v. Praprotnik*,
   485 U.S. 112 (1988) ...............................................................................................10
*Dannenberg v. Software Toolworks Inc.*,
   16 F.3d 1073 (9th Cir. 1994) .................................................................................10
*Digital Equip. Corp. v. Desktop Direct, Inc.*,
   511 U.S. 863 (1994) .............................................................................................5, 8
*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 ......................................................................................................8, 9
*Monell v. Dep't of Soc. Servs. of City of New York*,
   436 U.S. 658 (1978) ........................................................................................ 10, 11
*Sneller v. City of Bainbridge Island*,
   606 F.3d 636 (9th Cir. 2010) ...............................................................................8, 9
*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989) ..................................................................................................11

Statutes

28 U.S.C. § 1291 ..................................................................................................5, 8
42 U.S.C. § 1983 .............................................................................................. passim

Cal. Civ. Proc. Code § 377.60 ..................................................................................6
Cal. Civil Code § 52.1 ..............................................................................................6

**Introduction**

Defendants City of Los Angeles ("City"), Los Angeles Police Department ("LAPD") Chief Michael Moore, and Officer Nathan Ramos file this brief to point out the lack of appellate jurisdiction and to clarify that, in any case, they are no longer parties and not subject to this appeal.

LAPD officers responded to multiple 911 calls of attempted forced entry by a person later identified as the decedent. LAPD officers pursued decedent and apprehended him after several attempts to evade capture and violent attempts to resist arrest. (1-ER-3-8.) During the incident, the decedent suffered a heart attack and was pronounced dead at the scene. (1-ER-9.) Plaintiffs filed suit against multiple officers who were present, including Officer Ramos. Other than Officer Ramos, those officers are represented by separate counsel and were designated "the Individual Officers" by the district court. (1-ER-2.) Plaintiffs allege civil rights violations against the Individual Officers. They also named the City and Chief Moore as defendants on a *Monell* theory, and on some state law claims.

The district court granted partial summary judgment for the Individual Officers on the federal claims. In an attempt to obtain appellate jurisdiction Plaintiffs dismissed all their other claims without prejudice, leaving their federal *Monell* claim unresolved. That attempt cannot succeed; generally claims must be

dismissed with prejudice to generate a final, appealable order or the district court must enter a judgment. In any event, all the claims against the City, Officer Ramos, and Chief Moore were dismissed and are beyond the scope of this appeal.

**Statement Regarding Jurisdiction**

Plaintiffs have failed to establish appellate jurisdiction because: (1) no final judgment was entered below, and (2) Plaintiffs improperly attempted to manipulate the jurisdiction of this court by dismissing their *Monell* claim without prejudice, thereby keeping it reserve for later litigation. 28 U.S.C. § 1291 (only final decisions are appealable); *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) ("a party is entitled to a single appeal, to be deferred until final judgment has been entered"). (See Legal Argument below at pp. 8-10.)

**Issues on Appeal**

The opening brief limits the scope of the appeal to the district court's ruling of qualified immunity for the Individual Officers. (AOB 12.)

**Statement of the Case**

Plaintiffs filed the operative First Amended Complaint on September 9, 2021, alleging; (1) Unreasonable Search and Seizure Excessive Force (42 U.S.C. § 1983-4th Amend.); (2) Deprivation of Life without Due Process (42 U.S.C. § 1983-14th Amend.); (3) Municipal Liability for Unconstitutional Custom,

Practice, or Policy-(42 U.S.C. § 1983); (4) Interference with Parent-Child Relationship (42 U.S.C. §1983-14th Amend.); (5) Wrongful Death (Cal. Civ. Proc. Code § 377.60); (6) Assault and Battery; (7) Negligence; (8) Violation of Bane Civil Rights Act (Cal. Civil Code § 52.1) (6-ER-1267.)

The Individual Officers moved for summary judgment, or alternatively for partial summary judgment. (6-ER-1234.) Officer Ramos filed a joinder to that motion. (6-ER-1149 and 1133.) Plaintiffs then filed a Stipulation of Dismissal on February 10, 2022, dismissing Officer Ramos from this action with prejudice. (1-ER-02, n. 1; 6-ER-1337, # 98.)

On March 28, 2022, the district court granted summary judgment for the Individual Officers as to the first, second, and third claims based on qualified immunity, but otherwise denied the motion. (1-ER-25.)

On April 21, 2022, Plaintiffs filed a Notice of Appeal directed solely to the district court's order granting partial summary judgment to the Individual Defendants. (6-ER-1297.) This Court requested a report on the appealability of the order. (See Dkt. No. 2.)

In response, Plaintiffs moved in district court to dismiss without prejudice their third, fifth, sixth, seventh, and eighth claims, which Plaintiffs described as their "*Monell* and state law claims." (2-ER-49-50, and 35:3.) In doing so,

Plaintiffs conceded that after the district court granted partial summary judgment there were "no viable federal law claims at issue," and they requested a dismissal without prejudice "thereby allowing Plaintiff M.A.R. to assert his state law causes of action in the state court." (2-ER-52:22-26.) Plaintiffs have never explained why they requested dismissal without prejudice for their *Monell* claim.

The district court granted the Motion to Dismiss, but refused to enter judgment for lack of an appealable order. (2-ER-27 and 33, n.5.) Nevertheless, the only claims remaining in the action are the 42 U.S.C. § 1983 claims against the Individual Officers. The opening brief implicitly concedes that by relying on the dismissal of all the other claims in an attempt to support appellate jurisdiction. (AOB 32-35.)

## Summary of Argument

Unless Plaintiffs confirm that their *Monell* claim has been abandoned, appellate jurisdiction is premature. In any case, all of the potential claims against the City, Officer Ramos and Chief Moore have been dismissed, so they are not subject to this appeal.

## Legal Argument

### I. Plaintiffs Have Not Established Appellate Jurisdiction.

Because (1) no final judgment was entered by the district court; and (2) Plaintiffs only asked to dismiss their *Monell* claim without prejudice, thereby keeping it on hold for future and overlapping federal litigation, this Court lacks appellate jurisdiction. In order to establish appellate jurisdiction under 28 U.S.C. § 1291, the appellant must identify a final judgment that supports the basis for a single appeal. See *Digital Equip. Corp.*, 511 U.S. at 868.

Plaintiffs have not cited any case that supports appellate jurisdiction based on nothing more than two non-appealable orders – granting partial summary judgment and granting voluntary dismissals without prejudice. (See Orders at 1-ER-2; 2-ER-27.) In each of the cases Plaintiffs rely on for appellate jurisdiction the district court had entered a final judgment or appealable order. E.g., *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 and 1070 (9th Cir. 2002). Here the district court expressly refused to enter a judgment for lack of an appealable order. (2-ER-33, n.5.)

A plaintiff can support a final judgment for appeal following a partial summary judgment if the district court approves the voluntary dismissal of the

remaining unresolved claims and when "the record reveals no evidence of intent to manipulate our appellate jurisdiction." *Sneller*, 606 F.3d at 638; citing *James*, 283 F.3d at 1070. Here, Plaintiffs' request to only dismiss their *Monell* claim without prejudice confirms their intention to save this claim for future federal litigation on issues overlapping with those currently on appeal. (2-ER-52:28.) Plaintiffs' Motion to Dismiss was expressly intended to manipulate appellate jurisdiction by dismissing the *Monell* claim without prejudice in specific response to the notice from this Court about appealability. (2-ER-51:2-13.) Plaintiffs' unsupported assertion that their *Monell* claim, including the claim of minor M.A.R., would now be untimely is unpersuasive. In contrast, in *James* there was no evidence of appellate jurisdiction manipulation and the plaintiff explained the dismissal of the remaining claims on grounds independent of appellate jurisdiction. *James*, 283 F.3d at 1068; and see *Sneller*, 606 F.3d at 638.

Importantly, Plaintiffs have conceded that they had "no viable federal law claims at issue" following partial summary judgment for the Individual Officers. Plaintiffs also explained that they requested a dismissal without prejudice to "allow[ ] Plaintiff M.A.R. to assert his state law causes of action in the state court." (2-ER-52:22-26; see also 2-ER-54-21 ["State Court is the Proper Venue for the Remaining Causes of Action."].) That suggests Plaintiffs abandoned their *Monell* claim, even while requesting a dismissal without prejudice. Abandonment is

9

consistent with Plaintiffs' reliance on *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980) which only allowed appellate jurisdiction because all other federal claims had a final resolution. "There is no danger of piecemeal appeal [sic] confronting us if we find jurisdiction here, for nothing else remains in the federal courts." *Id*. Having an additional claim on hold following a dismissal without prejudice is not a resolution to the claim. *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1077 (9th Cir. 1994). Plaintiffs cannot salvage appellate jurisdiction here without confirmation that they have abandoned their *Monell* claim.

## II. There are no Remaining Claims against these Defendants.

Because all of the potential claims against the City, Officer Ramos, and Chief Moore were dismissed, and those dismissals are not challenged on appeal, they are no longer parties to this litigation or to this appeal.

Officer Ramos was dismissed with prejudice. (1-ER-02, n. 1; 6-ER-1337, #98.)

The City, as a municipality, is only subject to claims under 42 U.S.C. § 1983 insofar as they arise "under color of some official policy" that itself is the cause of the alleged constitutional violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978). There is no liability through respondeat superior under 42 U.S.C. § 1983. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22

(1988). As such, Plaintiffs' *Monell* claim, the third claim, was the only potential federal claim against the City. To secure appellate jurisdiction, Plaintiffs successfully moved to dismiss their third claim, and all of their state law claims. (2-ER-27, 49-50, and 35:3.) This leaves no remaining claim against the City and Plaintiffs have not appealed any of the claims they sought to dismiss.

Plaintiffs sued Chief Moore both individually and in his official capacity. (6-ER-1267.) Under 42 U.S.C. § 1983, claims against a local official "in his or her official capacity is not a suit against the official but rather is a suit against the official's office. [Citation.] As such, it is no different from a suit against the [public entity] itself," which is limited to a *Monell* claim. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); and see *Monell*, 436 U.S. at 690, n.55. As discussed above, Plaintiffs dismissed the *Monell* claims along with all state law claims. (2-ER-27, 49-50, and 35:3.)

All of the allegations against Chief Moore individually that were included in Plaintiffs' 42 U.S.C. § 1983 claims are limited to his supervisory role as the LAPD Chief. (E.g., 6-ER-1269:17-21; 6-ER-1271:2-11; 6-ER-1272:18-22; 6-ER-1273:1-3; 6-ER-1289:9-14.) Plaintiffs did not allege any participation by Chief Moore in the underlying events of this lawsuit or regarding any specific action, supervisory or otherwise, related to Plaintiffs or the underlying indent. Thus, the only alleged

basis for any federal claim against Chief Moore regards the impact of general policies adopted by LAPD, i.e., the *Monell* claim that was dismissed.

The opening brief confirms this by conceding that the appeal is limited to the district court's qualified immunity ruling regarding the Individual Officers and that all remaining claims have been dismissed. (AOB 12.) "Similarly, here—although the notice of appeal was premature—Plaintiffs subsequently filed a motion to dismiss, that disposed of the remaining federal claims, which was granted by the District Court." (AOB 32, and see 33-34, and 35.) This is presumably why Chief Moore is not mentioned once in the opening brief; there are no claims left against him (and even if there were, they were abandoned on appeal).

## Conclusion

Plaintiffs have failed to show appellate jurisdiction. In any case, Defendants the City, Chief Moore, and Office Ramos are no longer parties to this lawsuit or this appeal.

Dated: January 12, 2023

        **HYDEE FELDSTEIN SOTO,** City Attorney
        **SCOTT MARCUS**, Chief Asst. City Attorney

        By:   */s/ Michael M. Walsh*
            **MICHAEL M. WALSH**
            Deputy City Attorney

        Attorneys for Defendants and Appellees City of Los Angeles, Michael Moore, and Nathan Ramos

## Notice of Related Case

The City is not aware of any related appeal pending.

## Certificate of Compliance

Counsel of Record hereby certifies that the enclosed APPELLEES ANSWERING BRIEF produced using 14-point Roman type, including footnotes; that it contains 1,838 words; and that its form and length complies with all aspects of FRAP 32 (a)(5) and (a)(7). Counsel relies on the word count of the computer program used to prepare this brief.

Dated: January 12, 2023

        **HYDEE FELDSTEIN SOTO,** City Attorney
        **SCOTT MARCUS**, Chief Asst. City Attorney

        By: _/s/ Michael M. Walsh_
            **MICHAEL M. WALSH**
            Deputy City Attorney

        Attorneys for Defendants and Appellees
        City of Los Angeles, Michael Moore, and Nathan Ramos